**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRYAN MORALES** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 21-5627 |
| | : | |
| **BANI KAUR BEDI** | : | |

## ORDER-MEMORANDUM

**AND NOW**, this 27th day of June 2022, upon considering Plaintiff's Motion to dismiss the Defendant's assault and battery and intentional infliction of emotional distress counterclaims and strike several affirmative defenses (ECF Doc. No. 24), Defendant's Opposition (ECF Doc. No. 25), and finding Defendant pleads an assault and battery claim but not an intentional infliction claim, it is **ORDERED** Plaintiff's Motion (ECF Doc. No. 24) is **GRANTED in part** on the intentional infliction claim and to strike the statute of limitations affirmative defense but **DENIED** on the assault and battery claim or striking the other challenged affirmative defenses requiring Plaintiff answer the counterclaim no later than **July 11, 2022.**

## *Analysis*

We assume the pleaded facts for purposes of our analysis today.[1] Californian Bani Kaur Bedi is twenty-one years old and a recent graduate of the University of Washington.[2] Bryan Morales is approximately fifty-year-old and works for a bank in this District.[3] Mr. Morales served

---

[1] "[W]e accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff" but "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Robert W. Mauthe, M.D., P.C. v. Spreemo, Inc.*, 806 F. App'x 151, 152 (3d Cir. 2020) (quoting *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878–79 (3d Cir. 2018)).

[2] ECF Doc. No. 19 § III, ¶¶ 1–3, 9.

[3] ECF Doc. No. 1 ¶¶ 10–11.

as guest lecturer at the University of Washington via Zoom which Ms. Bedi attended.[4] Mr. Morales told Ms. Bedi his connections could help her obtain employment after graduation.[5] Ms. Bedi understood Mr. Morales as "well-connected" in the banking industry where she sought employment.[6]

Ms. Bedi reached out for information on their class and Mr. Morales began continually communicating with her over video chats in an unprofessional and inappropriate manner.[7] Mr. Morales viewed Ms. Bedi's and Ms. Bedi's sister's LinkedIn pages, discovering Ms. Bedi lived in Palo Alto, California.[8] Mr. Morales flew to California for a meeting in Los Angeles and invited Ms. Bedi to lunch.[9] Ms. Bedi understood it would be a "working lunch" after Mr. Morales promised to connect Ms. Bedi with employment connections.[10] Mr. Morales later changed the plans to dinner.[11] Ms. Bedi felt pressured to accept the dinner invitation.[12]

---

[4] ECF Doc. No. 19 at § III, ¶¶ 3–4; ECF Doc. No. 1 ¶¶ 14, 17.

[5] ECF Doc. No. 19 at § III, ¶ 5.

[6] *Id.* at § III, ¶ 17.

[7] *Id.* at § III, ¶ 7.

[8] *Id.* at § III, ¶ 12.

[9] *Id.* at § III, ¶¶ 11, 13–16.

[10] *Id.* at § III, ¶ 15.

[11] *Id.* at § III, ¶ 16.

[12] *Id.* at ¶¶ 17–18.

Guest Lecturer Morales and student Bedi met for this scheduled dinner in California on September 26, 2021.[13] Mr. Morales did not discuss opportunities for employment at the dinner.[14] He instead discussed Ms. Bedi's clothing, his marital status, his upbringing, his sexual relationships outside of his marriage, and other personal matters.[15] Mr. Morales stared at Ms. Bedi's breasts, stroked her outer thigh, and then stroked her inner thigh.[16] Mr. Morales said he did not want the night to end and "conspicuously not[ed]" the address of his nearby hotel.[17] A security guard observed Mr. Morales's behavior and suggested the two leave.[18] Mr. Morales embraced Ms. Bedi in the parking lot and pressed against her breasts for at least fifteen seconds.[19]

### *Mr. Morales sues and Ms. Bedi counterclaims.*

Mr. Morales sued Ms. Bedi for defamation and tortious interference with contractual relationships.[20] He claims Ms. Bedi defamed Mr. Morales to his spouse, co-worker, and former employers by saying they had an affair.[21] Ms. Bedi counterclaims against Mr. Morales for assault and battery and intentional infliction of emotional distress.[22]

---

[13] ECF Doc. No. 1 ¶ 31.

[14] ECF Doc. No. 19 at § III, ¶¶ 17–18.

[15] *Id*. at § III, ¶ 19.

[16] *Id*. at § III, ¶ 20.

[17] *Id*.

[18] *Id*. at § III, ¶ 23.

[19] *Id*. at § III, ¶ 24.

[20] ECF Doc. No. 1 ¶¶ 46–65.

[21] *Id*. at ¶ 47.

[22] ECF Doc. No. 19 at § III, ¶¶ 30–39.

Mr. Morales now moves to dismiss Ms. Bedi's claims for assault and battery and intentional infliction of emotional distress for failure to state a claim.[23] Mr. Morales argues Ms. Bedi does not allege sufficient facts supporting her claim of assault and battery under California law and her intentional infliction of emotional distress claim under Pennsylvania law. Mr. Morales also moves to strike Ms. Bedi's affirmative defenses of failure to state a claim, statute of limitations, no compensable damages, and no punitive damages.

We deny Mr. Morales's motion to dismiss the assault and battery claim under California law. We grant Mr. Morales's motion to dismiss the intentional infliction claim under Pennsylvania

---

[23] A complaint must state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to test the sufficiency of the factual allegations in a complaint. *Sanders v. United States*, 790 F. App'x 424, 426 (3d Cir. 2019). If a plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face," the court should dismiss the complaint. *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Kajla v. U.S. Bank Nat'l Ass'n as Tr. for Credit Suisse First Boston MBS ARMT 2005-8*, 806 F. App'x 101, 104 n.5 (3d Cir. 2020) (quoting *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer and Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "[t]he plausibility standard is not akin to a 'probability requirement,'" it does require the pleading show "more than a sheer possibility … a defendant has acted unlawfully." *Riboldi v. Warren Cnty. Dep't of Human Servs. Div. of Temp. Assistance & Soc. Servs.*, 781 F. App'x 44, 46 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). "A pleading that merely 'tenders naked assertion[s] devoid of further factual enhancement' is insufficient." *Id.* (quoting *Iqbal*, 556 U.S. at 668).

Our Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) we "'tak[e] note of the elements a plaintiff must plead to state a claim'"; (2) we "identify allegations that … 'are not entitled to the assumption of truth' because those allegations 'are no more than conclusion[s]'"; and, (3) "'[w]hen there are well-pleaded factual allegations,' we 'assume their veracity' … in addition to assuming the veracity of 'all reasonable inferences that can be drawn from' those allegations … and, construing the allegations and reasonable inferences 'in the light most favorable to the [plaintiff]'…, we determine whether they 'plausibly give rise to an entitlement to relief.'" *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal citations omitted); *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

law. We strike Ms. Bedi's affirmative defense of statute of limitations but will allow the remaining affirmative defenses through discovery.

### *Ms. Bedi pleads an assault and battery claim.*

Mr. Morales argues Ms. Bedi fails to state a claim for assault and battery under California law.[24] Ms. Bedi states claims for assault and battery.

A claim for assault under California law has five elements: "(1) defendant acted with intent to cause harmful or offensive contact, or threatened to touch plaintiff in a harmful or offensive manner; (2) plaintiff reasonably believed she was about to be touched in a harmful or offensive manner or it reasonably appeared to plaintiff that defendant was about to carry out the threat; (3) plaintiff did not consent to defendant's conduct; (4) plaintiff was harmed; and (5) defendant's conduct was a substantial factor in causing plaintiff's harm."[25]

Ms. Bedi pleads facts satisfying the five elements of assault. First, Mr. Morales acted with intent to cause offensive contact when he discussed Ms. Bedi's clothing, his marital status, his sexual relationships outside his marriage, stared at Ms. Bedi's breasts, and suggested Ms. Bedi return to his hotel room with him.[26] Mr. Morales contacted Ms. Bedi by rubbing her thighs and

---

[24] Mr. Morales argues California law governs Ms. Bedi's assault and battery claim. Ms. Bedi concedes California law controls her assault and battery claim. *See* ECF Doc. No. 25 at 9 (describing elements of assault and battery "[u]nder California law" and citing California law throughout brief). We apply California law to the assault and battery claim. In choosing which law to apply, we answer two questions: does a true conflict exist?; and, which state has a greater interest in the application of its law? *See Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 230–31 (3d Cir. 2007). First, a true conflict exists because California and Pennsylvania use different elements for assault and battery claims. *Compare Klein v. Madison*, 374 F. Supp. 3d 389, 431 (E.D. Pa. 2019), *with So v. Shin*, 212 Cal. App. 4th 652, 668–69 (2013). Second, California maintains a greater interest in applying its law because Ms. Bedi's alleged injury occurred in California and the events giving rise to her claim occurred at a dinner in California. *See Ladenheim v. Starr Transit Co., Inc.*, 242 F. Supp. 3d 395, 403 (E.D. Pa. 2017).

[25] *So*, 212 Cal. App. 4th at 668–69.

[26] ECF Doc. No. 19 at § III ¶¶ 19–20.

pressing against her breasts while hugging her, evidencing his previous intent to cause harmful contact.[27] Second, we infer Ms. Bedi reasonably believed Mr. Morales would touch her in a harmful or offensive manner because Mr. Morales stared at her breasts while carrying on an inappropriate, sexual conversation at dinner.[28] Third, Ms. Bedi pleads she did not consent to Mr. Morales's conduct. She hoped the dinner would be professional, but it turned inappropriate. Fourth, Ms. Bedi claims Mr. Morales's conduct harmed her.[29] Fifth, Ms. Bedi pleads Mr. Morales's actions caused her harms. We deny Mr. Morales' motion to dismiss the assault claim.

We next consider Mr. Morales's motion to dismiss Ms. Bedi's battery claim. A claim for battery under California law has four elements: "(1) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's position would have been offended by the touching."[30]

Ms. Bedi pleads facts satisfying the four elements of battery. First, Mr. Morales touched Ms. Bedi intending to harm or offend her by stroking Ms. Bedi's thighs and pressing against her breasts.[31] Second, Ms. Bedi did not consent to the contact and we infer a lack of consent from her

---

[27] *Id*.

[28] *Id*.

[29] *Id*. at § III, ¶ 28 (Ms. Bedi claiming "permanent mental trauma and the physical manifestations thereof, including humiliation, stress, anxiety, depression, insomnia, inability to focus, and other performance issues").

[30] *So*, 212 Cal. App. 4th at 669.

[31] ECF Doc. No. 19 at § III, ¶ 20.

claims.[32] Third, Mr. Morales harmed Ms. Bedi by touching her.[33] Fourth, a reasonable person would have been offended by Mr. Morales—Ms. Bedi's guest lecturer—stroking Ms. Bedi's legs in a restaurant during a purportedly professional dinner meeting.[34] A third-party security guard viewing the conduct asked Mr. Morales and Ms. Bedi to leave the restaurant.[35] A reasonable person could also be offended by Mr. Morales's unnaturally long hug of Ms. Bedi in which he pressed against her breasts.[36] We deny Mr. Morales's motion to dismiss the battery claim.

### *Ms. Bedi does not plead outrageous conduct at or before the September 26, 2021 dinner necessary to proceed on her intentional infliction of emotional distress claim.*

Mr. Morales argues Ms. Bedi fails to state a claim for intentional infliction of emotional distress under Pennsylvania law.[37] Ms. Bedi argues Mr. Morales's outrageous conduct constitutes intentional infliction of emotional distress. We find Ms. Bedi does not state an intentional infliction of emotional distress claim because she does not plead outrageous conduct.

---

[32] *Id*. at § III, ¶ 33.

[33] *Id*. at § III, ¶ 28 (Ms. Bedi claiming "permanent mental trauma and the physical manifestations thereof, including humiliation, stress, anxiety, depression, insomnia, inability to focus, and other performance issues").

[34] *Id*. at § III, ¶ 20.

[35] *Id*. at § III, ¶ 23.

[36] *Id*. at § III, ¶ 24.

[37] Mr. Morales argues Pennsylvania law governs Ms. Bedi's intentional infliction of emotional distress claim. Mr. Morales does not contest the application of Pennsylvania law. *See* ECF Doc. No. 25 at 12–14 (analyzing intentional infliction of emotional distress claim under Pennsylvania law). We apply Pennsylvania law because no true conflict exists between California and Pennsylvania law; the elements are the same in both jurisdictions. *Hoy v. Angelone*, 720 A.2d 745, 753 (Pa. 1998); *Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009).

Ms. Bedi must plead four elements to proceed on an intentional infliction claim under Pennsylvania law: "(1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe."[38] Regarding the first element, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society."[39] "[C]ourts rarely find that the facts alleged meet this rigorous standard."[40]

"[S]exual harassment alone does not rise to the level of outrageousness necessary" to plead the first element.[41] Although "community mores" regarding harassment "have undergone significant revision in recent years," a plaintiff still must plead "blatantly abhorrent conduct" to state a claim.[42] Retaliation for rejecting sexual propositions by an employer, supervisor, or person with power over the offended person, for example, may make harassment blatantly abhorrent.[43]

Ms. Bedi does not plead the blatantly abhorrent conduct necessary for intentional infliction of emotional distress. Ms. Bedi does not plead Mr. Morales retaliated against her for rejecting his advances. She does not plead Mr. Morales made repeated advances over an extended period; the

---

[38] *Robinson v. Nat'l R.R. Passenger Corp*, 821 F. App'x 97, 102 (3d Cir. 2020) (quotations omitted).

[39] *Id.* (quotations omitted).

[40] *Smith v. RB Distribution, Inc.*, 515 F. Supp. 3d 311, 316 (E.D. Pa. 2021).

[41] *Andrews v. City of Phila.*, 895 F.2d 1469, 1487 (3d Cir. 1990), *superseded in part by statute on other grounds as recognized by Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206, 214 (3d Cir. 2017).

[42] *Smith*, 515 F. Supp. 3d at 316.

[43] *Andrews*, 895 F.2d at 1487.

closest she can plead is unprofessional video chats before she agreed to join Guest Lecturer Morales for dinner. She does not plead Mr. Morales became violent. Ms. Bedi pleads improper disturbing conduct including unprofessional conversations before the dinner and the assault and batteries during the dinner but not conduct so improper it breaches all possible bounds of decency. Ms. Bedi cites one case supporting her intentional infliction of emotional distress claim, but it involves allegations far more reprehensible than she pleads.[44] We require worse conduct than Mr. Morales's alleged conduct to allow intentional infliction claims to proceed into discovery.[45] We dismiss the intentional infliction claim.

### We strike the affirmative defense of statute of limitations.

Mr. Morales moves to strike Ms. Bedi's affirmative defenses of failure to state a claim, statute of limitations, no compensable damages, and no punitive damages. We strike the statute of limitations defense and permit the other defenses to reach discovery.

We "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[46] We should strike affirmative defenses "set forth in a summary manner that are entirely unmoored to the facts of the case" without prejudice.[47]

---

[44] *Warmkessel v. E. Penn Mfg. Co.*, No. 03-02941, 2005 WL 1869458, at *6 (E.D. Pa. July 28, 2005) (allegations defendant "would touch, grab or pinch plaintiff's groin, nipples, buttocks and genitals; look under bathroom stalls when plaintiff was using the bathroom; [and] often creep up behind plaintiff and thrust his hips against plaintiff's buttocks, simulating a sexual act" stated claim for intentional infliction of emotional distress).

[45] *See, e.g.*, *Smith*, 515 F. Supp. 3d at 320 (employee stated intentional infliction claim against coworker who told employee "he was aroused by the vagina print from [her jeans]; that she [had] a really fat ass; that he would treat her like a queen if she were his; that she was making him hard; that her pussy looks fat as well as fantasizing about the things he would do to her if she gave him a chance" (internal quotations omitted)).

[46] Fed. R. Civ. P. 12(f).

[47] *Sutton v. Chanceford Twp.*, No. 14-1584, 2017 WL 770586, at *3 (M.D. Pa. Feb. 28, 2017).

Ms. Bedi raises fair defenses based on the pleaded facts as to failure to state a claim and as to compensatory and punitive damages. Factual bases exist for these claims because Ms. Bedi denies Mr. Morales's claims.

But we strike Ms. Bedi's affirmative defense of statute of limitations because we identify no facts or law supporting it. Defamation claims carry a one-year statute of limitations.[48] A one-year statute of limitations also governs Ms. Bedi's tortious interference claim because the tortious interference claim is based on the same allegations comprising the defamation claim.[49] Mr. Morales claims Ms. Bedi defamed him and interfered with his contractual relationships by publishing defamatory statements from September 30, 2021 to mid-October 2021.[50] Mr. Morales sued on December 27, 2021—fewer than 100 days after the alleged conduct. Ms. Bedi does not explain how a statute of limitations could bar Mr. Morales's claims. We strike the statute of limitations defense.

**KEARNEY, J.**

---

[48] 42 Pa. Stat. and Cons. Stat. Ann. § 5523(a).

[49] *See Evans v. Phila. Newspapers, Inc.*, 601 A.2d 330, 333 (Pa. Super. Ct. 1991).

[50] ECF Doc. No. 1 ¶¶ 37–42.